UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/21

Perini Management Services, Inc.,

　　　　　　　　　Plaintiff,

　　　　–v–

Kildare Construction Consultants, LLC, et al.,

　　　　　　　　　Defendant.

21-cv-5936 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Perini Management Services, Inc. ("Perini") seeks a preliminary injunction to enjoin Defendants Kildare Construction Consultants, LLC ("Kildare") and the American Arbitration Association ("AAA") from proceeding with a pending arbitration against Perini. For the reasons that follow, the Court DENIES Perini's motion.

## I. Background

The operative facts of the dispute are effectively undisputed. Perini is a construction contractor that specializes in building facilities overseas for U.S. agencies. Kildare is a consultant that introduces foreign and U.S.-based contractors to complete projects overseas. Since 2017, Perini has been awarded two contracts to build U.S. military facilities in the Kingdom of Saudi Arabia. These contracts are worth approximately $200 million.

1

In 2016, prior to the award of those contracts, Perini and Kildare met and discussed Perini's desire to fulfill contracts in Saudi Arabia with the assistance of a Turkish contractor. Kildare, allegedly at Perini's instruction, sought out suitable Turkish contractors and eventually introduced Perini to Yenigun Construction Industry & Commerce ("Yenigun"). Perini and Yenigun entered into two subcontracts and were awarded the military contracts in Saudi Arabia.

After introducing Yenigun to Perini, Kildare entered into a contract with Yenigun that would compensate Kildare for its services as a percentage of the value of the contracts awarded. Perini did not sign any contract with Kildare. According to Kildare, however, Perini instructed Kildare to enter into the contract with Yenigun. The Kildare–Yenigun contract contained a binding arbitration provision. The contracts between Perini and Yenigun do not contain an arbitration provision. Indeed, no party contends that Perini is a signatory to any arbitration agreement.

On April 1, 2021, Kildare demanded that Perini and Yenigun pay it under the terms of the contract. Perini and Yenigun ignored these demands. Then, on May 7, 2021, Kildare filed a demand for arbitration for $1,073,744.30 before the AAA, naming both Yenigun and Perini. Perini Motion, Ex. A ("Demand"), Dkt. No. 10. The AAA informed the parties that it had made an "administrative determination that [Kildare] has met the filing requirements" and that, absent "an agreement of the parties or a court order staying this matter," it would proceed administering the arbitration. *Id.*, Ex. C at 2.

On July 9, 2021, Perini filed the present action against Kildare and the AAA. It filed a motion for a preliminary injunction on July 22, 2021. The Court heard oral argument on the motion on September 1, 2021.

**II.    Analysis**

Perini primarily contends that because it never signed a contract containing an arbitration agreement, it cannot be compelled to arbitrate any dispute with Kildare. Perini Br. at 6–7, Dkt. No. 11. Kildare claims that while Perini is not a signatory to the Kildare–Yenigun contract, Perini is nevertheless bound to arbitrate under either a third-party beneficiary or estoppel theory. Kildare Br. at 6–8, Dkt. No. 27 (citing, for example, *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) ("[W]e have recognized five theories for binding nonsignatories to arbitration agreements: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel."). It also argues that the Court lacks subject matter jurisdiction over this action. *Id.* at 4–5. AAA takes no stance on the merits but joins in Kildare's jurisdictional challenge, AAA Br. at 3–4, Dkt. No. 22, and additionally argues that it is not a proper party to the litigation, *id.* at 5–15.

The Court concludes that it lacks subject matter jurisdiction over this action. It therefore dismisses the case without reaching the merits of Perini's arbitration claim.

Subject matter jurisdiction is a threshold question. *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014). The Court must assure itself of its subject matter jurisdiction before it may consider the merits. *Id.* Perini carries the burden of demonstrating that jurisdiction exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).

Generally, a district court's jurisdiction must derive from either federal-question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332. Perini does not invoke diversity jurisdiction in either its complaint or subsequent briefing. Nor has it demonstrated that there is the necessary diversity of citizenship between Plaintiff and Defendants required for

diversity jurisdiction. *Id.* § 1332(a)(1).[1] Perini instead invokes, and must rely on, federal-question jurisdiction.

Perini's complaint invokes two bases for federal-question jurisdiction: The Declaratory Judgment Act, 28 U.S.C. § 2201, and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. Compl. ¶ 11, Dkt. No. 1. Neither statute provides the Court jurisdiction. The Declaratory Judgment Act is "procedural only" and does not provide an independent cause of action. *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Similarly, it is a "longstanding rule" that the FAA does not independently confer subject matter jurisdiction on federal courts. *Doscher v. Sea Port Grp. Sec.*, LLC, 832 F.3d 372, 382–83 (2d Cir. 2016).

Instead, when a party requests that a federal court compel or stay an arbitration under the FAA, the court must "look through" the complaint "to the underlying dispute, applying to it the ordinary rules of federal-question jurisdiction." *Doscher*, 832 F.3d at 388 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 53 (2009)); *see also Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019). The Court therefore looks through Perini's complaint to the underlying demand for arbitration to determine whether Kildare raises any claims that provide federal-question jurisdiction.

Perini identifies three aspects of Kildare's demand that, Perini claims, raise a federal question. The Court concludes that none are adequate. First, Perini states that "the matter relates to both interstate and international commerce, involves international construction projects and

---

[1] Because Kildare is a limited liability corporation, it "has the citizenship of each of its members." *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001). Kildare has not alleged the citizenship of the natural persons and corporations that are members of Kildare and so cannot rely on diversity jurisdiction. *See Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

Federal contracts built for the U.S. Federal Government, as owner, to be used by U.S. governmental personnel abroad, and involving both foreign and domestic construction and construction related entities." Reply Br. at 3, Dkt. No. 30. But Perini does not cite any authority to explain why those facts provide federal-question jurisdiction. The federal government is not a party to the contract and is not implicated by the contract's terms. And though the dispute may have international aspects, Kildare's fundamental claim is "a straightforward breach of contract action." Compl., Ex. A ("Demand") at 4. Contract disputes are generally a matter of state law, not federal law. *E.g.*, *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 54 (2015) (observing that "the interpretation of a contract is ordinarily a matter of state law"); *see also* Demand at 8 (choosing "the laws of the State of Delaware" to govern the contract). The Court therefore concludes that this does not confer federal-question jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (noting "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").

Second, Perini observes that Kildare stated it may seek redress against Perini under the "payment bonds" that Perini furnished for the government contracts. Demand at 15. Perini argues that this reference raises a claim under the Miller Act, which grants subcontractors a "right to bring a civil action" against a government contractor and recover on the bonds that a contractor is required to furnish when it is awarded a government contract. 40 U.S.C. §§ 3131, 3133(b); *see* Reply Br. at 3–4. There are at least three problems with Perini's argument. As an initial matter, it is unclear whether Kildare could even invoke a Miller Act claim, given that it did not "furnish[ ] labor or material in carrying out work provided for in a contract for which a payment bond [was] furnished." 40 U.S.C. § 3133(b)(1). Further, Kildare refers to Perini's

5

Case 1:21-cv-05936-AJN   Document 31   Filed 10/01/21   Page 6 of 8

payment bonds only in an email attached to the demand for arbitration. Demand at 15. Typically, the Court determines whether a claim "arises under" federal law "by reference to the 'well-pleaded complaint,'" which means the Court looks only at "what necessarily appears in the plaintiff's statement of [its] own claim." *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 100 (2d Cir. 2001) (quoting *Merrell Dow*, 478 U.S. at 808, and *W. 14th St. Com. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987)). Kildare's singular reference to payment bonds in an email attached to its demand does not satisfy the well-pleaded-complaint rule.

More fundamentally, Kildare's counsel at oral argument expressly stipulated that Kildare did not raise a Miller Act claim in its demand for arbitration and would not pursue such a claim in arbitration. "[T]he plaintiff is the master of the complaint," and so it "may, by eschewing claims based on federal law," avoid federal-question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Kildare's stipulation constitutes a binding waiver and therefore dispels any possibility that the demand for arbitration raises a Miller Act claim. The Miller Act is thus not a valid basis for this Court's subject matter jurisdiction.[2]

Third, at oral argument, Perini emphasized that Kildare's demand twice invoked "U.S. law," which Perini insists is a reference to federal statutes. Demand at 14–15. Like the reference to payment bonds, these references to U.S. law appear only in emails attached to the demand. Demand at 3–6. It is therefore unclear whether they should be considered under the well-pleaded-complaint rule. *See D'Alessio*, 258 F.3d at 100. Additionally, the Court finds that these statements are best understood as referring to the laws of the United States as opposed to the

---

[2] Kildare's stipulation similarly resolves any suggestion that the state law claims in the demand "actually may be federal in nature" but have "been disguised by the plaintiff's artful pleading." *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1430 (2d Cir. 1993), *abrogated on other grounds by Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002)

laws of a foreign country, *not* as specifying a federal-law claim rather than a state-law claim. Even Perini, who carries the burden of demonstrating jurisdiction, could not identify at oral argument what federal laws Kildare could be referencing. More importantly, Plaintiff stipulated at oral argument that it did not raise any federal statutes in its demand and that it would not pursue any at arbitration. Accordingly, the demand's references to U.S. law do not invoke federal law and so do not confer federal-question jurisdiction.

Last, Perini requests leave to amend its complaint under 28 U.S.C. § 1653 to cure any jurisdictional defect. Reply Br. at 4. "An application under § 1653 is . . . addressed to the discretion of the court, and usually the section is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 198–99 (2d Cir. 1967). But Perini's basis for jurisdiction relies on the claims raised in Kildare's demand for arbitration, which Perini cannot amend. Accordingly, the Court finds that "the record clearly indicates that the complaint could not be saved by any truthful amendment" and it therefore denies Perini's request to amend. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

Because the Court lacks subject matter jurisdiction, it does not address the merits of Perini's arbitration claim or AAA's contention that it is not a proper party to the action.

### III. Conclusion

For the forgoing reasons, the Court DENIES Perini's motion for a preliminary injunction and dismisses the case for lack of subject matter jurisdiction. This resolves docket number 10.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 1, 2021

      New York, New York

_____

ALISON J. NATHAN

United States District Judge